IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

JOHNNY A. CASTRO, SR.,

Plaintiff,

vs.

C. PROUTY, et al.,

Defendants.

_________________________________/

1:09-cv-01763-GBC PC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO HAVE COMPLAINT SCREENED

(Doc. 10, 11)

On November 24, 2010, Plaintiff filed a motion seeking the appointment of counsel and a motion to have the case screened. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts.

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice; and
2. Plaintiff's motion to have the complaint screened is DENIED.

IT IS SO ORDERED.

Dated: November 29, 2010

UNITED STATES MAGISTRATE JUDGE