1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOHNNY A. CASTRO, SR.,                    CASE NO. 1:09-cv-01763-GBC PC

10                          Plaintiff,        ORDER DISMISSING COMPLAINT, WITH
                                              PREJUDICE, FOR FAILURE TO STATE A
11          v.                                CLAIM AND DIRECTING CLERKS OFFICE TO
                                              ENTER JUDGMENT
12  C. PROUTY, et al.,
                                              (Doc. 1)
13                          Defendants.
                                         /
14

15  **I.       Screening Requirement**

16          Plaintiff Johnny Castro is a state prisoner proceeding pro se and in forma pauperis in this

17  civil rights action pursuant to 42 U.S.C. § 1983.   Currently pending before the Court is the

18  complaint, filed October 7, 2009.  (Doc. 1.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24          In determining whether a complaint states a claim, the Court looks to the pleading standard

25  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
2  (2007)).

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.**   **Complaint Allegations**

14       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
15  ("CDCR") and is currently housed at Pelican Bay State Prison ("PBSP"). In 1992, Plaintiff, also
16  known as J-Bird, was validated as a gang member. (Doc. 1, Comp., pp. 13, 36.) On June 28, 2001,
17  while incarcerated at PBSP, he was designated as inactive. He was released into the general
18  population on October 1, 2001. Plaintiff was transferred to Salinas Valley State Prison ("SVSP")
19  and then to Kern Valley State Prison ("KVSP"). (Id., p. 13.)

20       While Plaintiff was housed at KVSP he used a third party mail drop to send correspondence
21  to an inmate named Robert Lopez. Prison officials determined that this Robert Lopez was a
22  validated Mexican Mafia ("EME") prison gang member. On February 13, 2009, Plaintiff was placed
23  in administrative segregation and received a gang validation packet based on three criteria: 1) letter
24  to Robert Lopez written by Plaintiff; 2) letter to Plaintiff written by Robert Lopez; and 3) a note
25  found in a "Southern Mexican's" cell at SVSP on November 2, 2006. (Id, p. 7.) Plaintiff alleges
26  that the Robert Lopez he wrote to is not the Robert Lopez who is a validated Mexican Mafia gang
27  member. (Id., p. 8.) Based upon this validation Plaintiff has been confined to the Security Housing
28  Unit ("SHU") at PBSP.

1    Plaintiff offers a report authored by Defendant Prouty as evidence that Defendants were

2 aware of the mistake in determining that he was active in the prison gang on June 3, 2008.  This

3 report shows that Plaintiff admitted that he was using a third party mail drop to correspond with an

4 inmate at the California Correctional Institution.  This inmate, Robert Lopez, also known as

5 Vampiro, is a validated Pomona Northside gang member.  (Id., p. 59.)  This same mail drop was used

6 by EME members housed at PBSP to send and receive mail.  Michael Lerma, also known as Big

7 Mike, a Pomona 12th Street gang member housed at PBSP uses this same address to send and

8 receive correspondence.  Big Mike has received correspondence from Robert Lopez using this same

9 address.  All three men are linked to the Pomona 12th Street gang.  (Id.)  On November 2, 2006,

10 officers searched the cell of two Sureno gang members at SVSP and found notes hidden in a light

11 fixture.  The notes identified inmates involved in EME prison gang activity.  Two of the notes

12 mentioned "J-bird P12" and "reference[d] a governing body of influential Sureno inmates who have

13 volunteered to take and enforce orders from the EME prison gang to further promote prison activity

14 within the institution."  (Id., p. 66.)  "J-bird P12" was identified as Plaintiff and he was found to be

15 housed at the institution during the timelines mentioned in the notes.  (Id.)

16    Plaintiff informed Defendant Prouty, the hearing officer in charge of the validation process,

17 that the Robert Lopez he was corresponding with was an inmate in Tehachapi State Prison and was

18 not a Mexican Mafia Gang member.  Additionally, since Plaintiff was transferred out of SVSP on

19 February 1, 2006, he could not have been involved in the activity described in the notes found on

20 November 2, 2006.  (Id., p. 12.)  Defendant Krum interviewed Plaintiff in response to his inmate

21 appeal and Plaintiff informed him that the validation was based on false information.  Plaintiff wrote

22 several letters to Defendant Williams, Internal Affairs, inquiring as to why his civil complaint was

23 being ignored.  Defendant Garza signed off on the gang validation.  Defendant Puente could have

24 proved the charges were false.  Defendant Brodie was aware that the charges were false and stated

25 he could not tell Institutional Gang Investigators how to do their job and advised Plaintiff to ask for

26 $30,000 in his lawsuit.  (Id., p. 3.)  Plaintiff alleges that the CDCR policy changes agreed to in

27 Castillo v. Terhune, No. C 94-2847-MJJ (N.D.Cal. 1994) were not adhered to in his situation.  (Id.,

28 p. 5.)

3

1    Plaintiff brings this action against Defendants Correctional Officer ("CO") Prouty, Sgt.

2    Krum, Sgt. Williams, Lt. Garza, CO Puente, and Sgt. Brodie, in their individual and official

3    capacities, alleging violations of due process and deliberate indifference due to a failure to train and

4    supervise subordinates.  Additionally, Plaintiff requests appoint of counsel.  (Id., p. 17.)

5    **III.**   **Discussion**

6        **A.**    **Due Process**

7        The Due Process Clause protects against the deprivation of liberty without due process of

8    law.  Wilkinson v. Austin, 545 U.S. 209 (2005).  In order to state a cause of action for a deprivation

9    of due process, a plaintiff must first identify a liberty interest for which the protection is sought.  The

10   Due Process Clause does not confer a liberty interest in freedom from state action taken within a

11   prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480 (1995).  However, a state may

12   "create liberty interests which are protected by the Due Process Clause."  Sandin, 515 U.S. at 483-84.

13   A prisoner has a liberty interest protected by the Due Process Clause only where the restraint

14   "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

15   prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

16       Assuming that confinement in the SHU for an indeterminate period implicates a liberty

17   interest, Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005), Plaintiff has not alleged any facts

18   demonstrating that he was denied any of the procedural due process protections he is guaranteed

19   under federal law.  Plaintiff is entitled to adequate notice, an opportunity to be heard, and periodic

20   review.  Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Toussaint v. McCarthy, 801 F.2d

21   1080, 1100-01 (9th Cir. 1986); Koch v. Lewis, 216 F.Supp.2d at 1003.  In addition, "there must be

22   'some evidence in the record' to support the decision to segregate the inmate," and this evidence

23   "must have 'some indicia of reliability.'"  Bruce, 351 F.3d at 1287; Toussaint v. McCarthy, 926 F.2d

24   800, 803 (9th Cir. 1990).

25       Plaintiff is not challenging his original designation that he was a gang member, he admits that

26   he used to be a gang member.  The substance of Plaintiff's claim is that he was removed from

27   inactive status without due process.  However, Plaintiff's complaint shows that he did receive due

28   process.  Plaintiff received a gang validation packet stating the criteria used to determine he was

4

active in the gang when he was placed in administrative segregation and he was given an opportunity to present his arguments to Defendant Prouty, the hearing officer in charge of the validation process. Additionally, Plaintiff has provided documentation showing that he is receiving periodic reviews of his placement in administrative segregation.   Plaintiff was endorsed to serve an indeterminate sentence in the SHU on April 9, 2009.  He was received at PBSP on May 13, 2009, and received a review on August 20, 2009.  Plaintiff was scheduled for his next review on November 21, 2009. Doc. 1, p. 67.   Plaintiff is receiving reviews within a time frame that satisfies due process. Toussaint, 926 F.2d at 803.

The substance of Plaintiff's allegation is that the evidence does not support the decision to confine him to administrative segregation or the SHU.   The decision to place Plaintiff on indeterminate SHU status based on gang affiliation need only be supported by "some evidence." Bruce, 351 F.3d at 1287.   Under this standard the court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence."   Id.  Pursuant to Title 15 an inmate who has been classified as inactive may be removed from the general population "based upon one reliable source item identifying the inmate as an active gang member or associate of the prison gang . . . ." Cal. Code. Reg. tit 15, § 3378 (f).  Plaintiff's complaint does show that there is some evidence that supports the decision that Plaintiff was active in the prison gang at the time he was removed from the general population.

Plaintiff is correct that merely writing to an inmate at another prison is not sufficient to support his designation as a gang member.  However, Plaintiff was writing to a known gang member housed at another prison, they belonged to the same street gang, and he used a third party mail drop that was known to be used by prison gang members.   The facts as alleged indicate that Plaintiff's actions were more than merely writing to another inmate and are some evidence that Plaintiff was involved in gang activity.

Even if the Court found that the letter did not establish some evidence, the notes found naming Plaintiff as an inmate who was involved in gang activity are sufficient to establish some evidence to support the decision.   This is not an instance where an informant is providing information to prison officials and the reliability of the information could be suspect.  The fact that

the notes were found hidden in the light fixture of the cell of two Sureno inmates indicates that this was information meant to be kept from prison officials. <u>Bruce</u>, 351 F.3d at 1287. Additionally, Plaintiff was mentioned in two separate notes as an inmate who was involved in prison gang activity. This evidence does have the indicia of reliability necessary to be considered for the decision to segregate Plaintiff. <u>Bruce</u>, 351 F.3d at 1287. The totality of the evidence is sufficient to establish some evidence of gang activity to support the decision to place Plaintiff in administrative segregation.

### B.   Failure to Train

Plaintiff alleges a claim arising from the failure to train and supervise subordinates. Under section 1983, Plaintiff must demonstrate that the defendants holding supervisory positions personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. <u>Iqbal</u> at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to identify actions by supervisory personnel that contributed to any harm due to a failure to train or supervise and the complaint fails to state a claim for a violation of Plaintiff's constitutional rights. There are no allegations set forth in the complaint supporting a claim under section 1983 against supervisory personnel.

### C.   Other Claims

Plaintiff's allegations that the procedures used by prison officials fail to comply with the procedures agreed to in <u>Castillo v. Terhune</u> fails to state a cognizable claim for a violation of his federal rights. The violation of consent decrees, settlements, or injunctions in other cases does not provide liability in this action. <u>See</u> <u>Frost v. Symington</u>, 197 F.3d 348, 353 (9th Cir. 1999); <u>Coleman v. Wilson</u>, 912 F.Supp. 1282, 1294 (E.D.Cal. 1995). Additionally, the <u>Castillo</u> settlement agreement "provides that alleged noncompliance with the agreement cannot be the basis for granting an individual inmate relief regarding his gang validation." <u>Garcia v. Stewart</u>, No. C 06-6735 MMC (PR), 2009 WL 688887, *7 (N.D.Cal. Mar. 16, 2009) citing Settlement Agreement § 30c.

There is not an independent cause of action under § 1983 for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). See Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

## IV.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 2, 2011

UNITED STATES MAGISTRATE JUDGE